

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/23/2018

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-30002 |
| | § | |
| RAY L. SHACKELFORD, | § | (CHAPTER 13) |
| | § | |
| Debtor. | § | |

### ORDER GRANTING *IN REM* RELIEF FROM THE AUTOMATIC STAY
(Relates to Doc. # 17)

CAME ON FOR CONSIDERATION the Expedited Motion For *In Rem* Relief From The Automatic Stay (the "Motion") filed by Icon Bank of Texas, N.A., a party-in-interest in the above-captioned proceeding.  The Court finds that notice of the motion was properly given in accordance with Fed. R. Bankr. P. 4001(a)(1) and Local Rule 4001-1(a)(4), and that expedited consideration of the Motion is warranted for the reasons stated in the Motion.

The Court finds that cause exists to terminate and annul the automatic stay imposed by 11 U.S.C. § 362(a) for the reasons set forth in the Motion; and finds that the co-Debtor stay does not apply because Shackelford & Associates, LLC is not a an "individual" and the debt at issue os not a "consumer debt." The Court further finds that the filing of the Debtor's voluntary petition for relief under Chapter 13 of Title 11 of the United States Code was part of a scheme to delay, hinder, or defraud creditors that involved the transfer of all or part ownership of, or other interest in, the Property (hereinafter defined) without the consent of the secured creditor.  The Court is therefore of the opinion that the motion should be granted.

IT IS, THEREFORE,

**ORDERED**, **ADJUDGED, AND DECREED** that Icon Bank Of Texas, N.A.'s Motion is GRANTED under 11 U.S.C. § 362(d)(1), (2) and (4).  It is further

**ORDERED, ADJUDGED, AND DECREED** that the automatic stay under 11 U.S.C. § 362(a) be, and hereby is, TERMINATED and ANNULLED as to the Debtor's interest in the following real property:

> Lot Two (2) in Block One (1), of Ivanhoe Park Villas, a subdivision in Harris County, Texas, according to the map or plat thereof, recorded under Film Code No. 605208, of the Map Records of Harris County, Texas (the "**Property**").

**IT IS FURTHER ORDERED**, **ADJUDGED, AND DECREED** that Icon Bank Of Texas, N.A. and its agents and attorneys, and any trustees or substitute trustees appointed under the Deed of Trust described in the Motion, may take any action necessary to proceed with a non-judicial foreclosure sale, including service, posting, and filing of any notices required under Texas law.  It is further,

**ORDERED**, **ADJUDGED, AND DECREED** that, under 11 U.S.C. § 362(d)(4), and provided that this order is recorded in conformity therewith, this Order terminating the automatic stay under 11 U.S.C. § 362(a) shall be binding *in rem* as to the Property in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two years after the date of this Order, such that the automatic stay under 11 U.S.C. § 362(a) shall not operate as a stay as to any act of Icon Bank Of Texas, N.A. (including its successors and assigns) to enforce its rights, title, and interest in, against, and to the Property.

**IT IS FURTHER ORDERED**, that this this Order shall be binding and effective despite any dismissal or conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

Signed:  February 22, 2018.

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**